# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**NICOLE TOVAR**,

    Plaintiff,

v.                                                CIV NO. 05-1213 DJS/RLP

**T-MOBILE USA and MATTHEW DAVIS**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court on Defendants' Motion for Summary Judgment filed August 21, 2006 (Docket No. 43). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment. The instant action is a suit pursuant to Title VII of the Civil Rights Act, 42 U.S.C. 2000e *et seq.*.

Plaintiff worked for Defendant T-Mobile from April, 2000 to May, 2005. She asserts that she was subjected to a hostile work environment and was then retaliated against for complaining of the sexual harassment. In addition, Plaintiff contends that Defendant T-Mobile negligently hired, supervised, and retained Defendant Matthew Davis and asserts claims of assault and battery against him. Specifically, Plaintiff alleges that she was touched by Defendant Davis during a meeting and that Davis immediately had a visible erection after he touched her on the shoulder. In addition, Plaintiff

contends that Defendant Davis asked her to dinner or breakfast on repeated occasions. Defendant Davis was Plaintiff's second level supervisor, that is, he managed Plaintiff's supervisor. Plaintiff worked as a team manager for T-Mobile in Albuquerque, New Mexico at the time of the meeting. Defendant Davis managed employees both in New Mexico and Pennsylvania from T-Mobile's headquarters in Washington state. Davis visited Albuquerque approximately once a month for several days at a time during the relevant time period.

Plaintiff also alleges that shortly after she reported Davis' conduct, she was suspended and given a written warning for deficient performance, which was her first discipline while working for T-Mobile. Plaintiff contends that Defendant T-Mobile conducted in inadequate investigation of the incident, which, in combination with the alleged retaliation, compelled her to seek leave under the FMLA due to stress and eventually caused her constructive termination. Defendants deny Plaintiff's claims of a hostile work environment and retaliation and contend that she was not subject to an assault or battery. Defendants further assert that Plaintiff's discipline stemmed from repeated incidents of insubordination and poor performance.

**SUMMARY JUDGMENT**

Summary judgment is appropriate when there exists no genuine issue as to any material fact, and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S. H. Kress & Co., 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible

evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56( e); Matsushita Elec., 475 U. S. at 596-87. In other words, a party opposing summary judgment "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." Jenkins v. Wood, 81 F.3d 988, 990 (10th Cir.1996).

"For a hostile environment claim to survive a summary judgment motion, a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Penry v. Fed. Home Loan Bank of Topeka, 155 F.3d 1257, 1261 (10th Cir.1998) (internal quotation marks omitted). In addition, "[t]he plaintiff must produce evidence that she was the object of harassment because of her gender." Id. Circumstances courts examine to determine whether a hostile work environment exists include: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. Nieto v. Kapoor, 268 F.3d 1208, 1218 (10th Cir.2001). However, no single factor is required. Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993). In order to prevail, Plaintiff must show that the harassment was pervasive or both objectively and subjectively offensive. See Smith v. Northwest Fin. Acceptance, Inc., 129 F.3d 1408, 1413 (10th Cir.1997).

In this case, viewing the evidence most favorably for Plaintiff, she has not met her burden to show a hostile work environment. See Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1366 (10th Cir.1997) (holding five instances of sexually inappropriate conduct characterized as "unpleasant," which occurred over a span of sixteen months, insufficient to establish actionable "hostile or abusive"

work environment under controlling standards). Plaintiff contends that Defendant Davis touched or squeezed her shoulder at a meeting in 2005 and that he subsequently had an erection which was visible to the employees in the room during a presentation he made. She further asserts that, upon his return from the front of the room, Davis again toucher her shoulder with his erection only inches from her face. In addition, Defendant Davis asked Plaintiff to join him for dinner and breakfast four or five times during the period she was a team manager and once asked her to join him for a walk while both were attending a conference. Plaintiff believed that the dinner invitations were limited to her and Davis, but Defendants presented evidence that Davis routinely attended work-related dinners with other managers when he was in Albuquerque. Plaintiff also stated that Defendant Davis made "uncomfortable eye contact" with her during two meetings, both of which were attended by other people, and on one occasion commented on a bouquet of flowers on her desk. These incidents, which occurred from the time Plaintiff became a team manager in February, 2004 to February, 2005, are insufficient to demonstrate an abusive work environment. Cf. Penry, 155 F.3d at 1263 (Even unwanted physical touching and comments that were specifically sexual or gender-related not sufficiently motivated by gender to warrant liability for sexual harassment).

Further, Plaintiff cannot show that she was subject to retaliation. To establish a prima facie case of Title VII retaliation, Plaintiff must show that (1) she engaged in protected activity under the applicable act; (2) she subsequently suffered an adverse employment action; and (3) a causal connection existed between the protected activity and the adverse employment action. Wells v. Colo. Dept. of Transp., 325 F.3d 1205, 1213 (10th Cir.2003). "To be an adverse action, the employer's conduct must be materially adverse to the employee's job status." Id. This standard is satisfied by "a significant change in employment status, such as ... firing, failing to promote, reassignment with

significantly different responsibilities, or a decision causing a significant change in benefits." Id. (internal quotation marks omitted). It does not include actions such as unsubstantiated oral reprimands, unnecessary derogatory comments, or a loss of authority that was not severe or prolonged enough to constitute a "materially adverse" reduction in job responsibilities. Id. Plaintiff was issued a written warning and told to go home for one afternoon, for which she was paid. She was not demoted and did not suffer any reduction in job responsibilities. While the written warning did remove her from eligibility for a discretionary bonus, it had no other effect on her job status.

Plaintiff cannot show that she was constructively discharged. "Constructive discharge occurs when the employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign." Sanchez v. Denver Pub. Sch., 164 F.3d 527, 534 (10th Cir.1998) (internal quotation marks omitted). "Essentially, a plaintiff must show that she had no other choice but to quit." Id. (internal quotation marks omitted). "The conditions of employment must be objectively intolerable; the plaintiff's subjective views of the situation are irrelevant." Id. (internal quotation marks omitted). "If an employee resigns of her own free will, even as a result of the employer's actions, that employee will not be held to have been constructively discharged." Heno v. Sprint/United Mgmt. Co.,208 F.3d 847, 858 (10th Cir.2000) (internal quotation marks omitted). In this instance, Plaintiff went on medical leave for stress relating to her complaint of sexual harassment and Defendant T-Mobile's investigation of that complaint. Upon being cleared to return to work, Plaintiff submitted her resignation as she had obtained another job during her leave. These circumstances do not meet the standard for constructive discharge.

Given the conclusion that Plaintiff has not met her burden of demonstrating that she was subject to a hostile work environment, her claims for the negligent hiring, supervision, and retention

of Defendant Matthew Davis by Defendant T-Mobile must also fail.

Generally, when federal claims are eliminated from a complaint, the federal court should decline the exercise of jurisdiction of pendant claims by dismissing the complaint without prejudice. United MineWorkers v. Gibbs, 383 U. S. 715, 726-727 (1966). Plaintiff's pendant tort claims for assault and battery will therefor be dismissed as well, however, that dismissal will be without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment is granted in part. Defendants are granted judgment on Plaintiff's claims under Federal law for gender discrimination, constructive discharge and retaliation and those claims are hereby dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's pendant claims for assault and battery are hereby dismissed without prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**